UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO.   17cr10281-PBS |
| ) | |
| DALNOVIS DELAROSA ARIAS and ) | |
| MINERVA RUIZ ) | |
| ) | |

## GOVERNMENT'S MOTION FOR A HEARING CONCERNING DISQUALIFICATION OF ATTORNEY SCOTT GLEASON

The United States of America, by and through Assistant United States Attorneys Leah B. Foley and Lauren A. Graber, hereby moves the Court to conduct a hearing concerning the disqualification of attorney Scott Gleason, who represents defendant Minerva Ruiz.  Attorney Gleason has a conflict of interest arising from his current representation of a government witness, which, in the government's view, cannot be remedied by any measure other than disqualification.

### Background

Defendant is charged in the above-captioned two-count Indictment with conspiracy to possess with intent to distribute heroin, and distribution of heroin, in violation of 21 U.S.C. § 846 and 841(a)(1).  The government's evidence at trial will establish that defendant and her co-conspirator, Dalnovis Delarosa Arias, delivered nearly two kilograms of heroin to a cooperating witness ("CW") on August 24, 2017.  At trial, CW is expected to testify, *inter alia*, that Ruiz was present and involved in a conversation during which CW negotiated the purchase of the two kilograms of heroin, and that, on August 24, it was Ruiz who actually showed CW where the drugs were hidden.

<u>Attorney Gleason's Conflict</u>

On November 26, 2018, pursuant to Local Rule 117.1(a)(8)(A), the government provided the defendant with the names of its witnesses, including the true name of CW.   On November 29, 2018, Attorney Gleason notified the government that he currently represents CW in his attempt to vacate a prior (and unrelated) drug conviction in Haverhill District Court.

<u>Attorney Gleason's Conflict Cannot be Waived, and He Must Be Disqualified</u>

The Massachusetts Rules of Professional Conduct govern a lawyer's responsibilities to his client in this district.   Though questions of conflict of interest are primarily the responsibility of the lawyer undertaking the representation, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." Mass. R. Prof'l Conduct 1.7, cmt. 15.   This is such a case.

When evaluating motions to disqualify defense counsel in a criminal proceeding, courts balance a defendant's interest in selecting the counsel of her choice with her competing interest in retaining an attorney free from conflicts of interest.   *Wheat v. United States*, 486 U.S. 153, 157-59 (1988).   The Supreme Court recognized that although the "right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."   *Id.* at 159.   For this reason, district courts have broad discretion to disqualify attorneys where actual or potential conflict has been demonstrated.   *See id*. at 163.

The Massachusetts Rules of Professional Conduct prohibit an attorney's representation of multiple clients if the representation involves a concurrent conflict of interest.   Rule 1.7(a)


prevents an attorney from representing one client who is directly adverse to another client, and Rule 1.7(b) restricts an attorney from representing a client when such representation may be materially limited by the attorney's responsibilities to another client or to a third person.

An actual conflict of interest exists for attorney Gleason in his continued representation of Ruiz because of his current and ongoing attorney-client relationship with CW, who is set to testify directly against Ruiz at trial. The concomitant competing obligations that attorney Gleason owes to defendant and CW are obvious, and require his disqualification. If this case goes to trial, attorney Gleason will be torn between competing loyalties: zealously defending Ruiz by conducting a vigorous cross-examination of a central witness, CW, while at the same time preserving the confidential communications and trust developed during his ongoing representation of his other client, CW. Under such circumstances, Ruiz's constitutional right to confront adverse witnesses may be impaired. Alternatively, an effective cross-examination of CW may require the use of confidential information attorney Gleason obtained during the course of his attorney-client relationship with CW. For all of these reasons, the Court should disqualify defense counsel from further representing Ruiz in this case. *See United States v. Alfonzo-Reyes*, 592 F.3d 280, 293 (1st Cir. 2010)(affirming pre-trial disqualification of defendant's attorney who had previously represented a government witness who was scheduled to testify, reasoning that the attorney's prior representation may require her to cross-examine her former client and use communications protected by the attorney-client privilege). Attorney Gleason has an attorney-client relationship with an adversely positioned client, CW, whose testimony will plainly inculpate Ruiz, and whose credibility will be a critical issue for the jury. This cannot stand.

Alternative measures such as conflict waivers or retention of substitute counsel for defendant for the sole purpose of cross-examining CW at trial are not sufficient in this case because of the nature of the conflict of interest and the importance of CW's testimony. The Supreme Court held in *Wheat* that, "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest," especially when an actual conflict may be demonstrated before trial. 486 U.S. at 163. Federal courts have shown little reluctance to disqualify attorneys with actual or potential conflicts of interest regardless of client waivers. *See United States v. Lanoue*, 137 F.3d 656, 663-64 (1st Cir. 1998) (disqualifying defense counsel despite defendant and attorney waivers of their right to conflict-free representation because defense counsel's prior representation of the witness posed a serious potential conflict of interest). Because attorney Gleason has an actual conflict of interest in this case that prevents him from providing effective assistance of counsel, client waivers of the right to conflict-free counsel should not allow counsel to avoid disqualification in this case.

Nor does allowing stand-in counsel to conduct the cross-examination of CW cure the actual conflict of interest in this case. While attorney Gleason may not be the one actually asking the questions, he could use confidential information obtained through the attorney-client relationship with the witness to influence stand-in counsel's questioning of the witness. *See United States v. Cheshire*, 707 F. Supp. 235, 240 (M.D. La. 1989) (finding it "almost impossible . . . for a lawyer to participate throughout the course of a trial but not suggest a single question or style for cross examination of the most important witness against his present client"). For this reason, federal courts have been hesitant to use this remedy, and the Court should decline to do so in this case.

Moreover, one can easily envision an appeal after conviction claiming ineffective assistance of counsel based on the waived conflict and retention of substitute counsel to cross examine such an important witness as CW. *See Wheat*, 486 U.S. at 161-62 (noting the need to investigate potential conflicts to ensure finality of criminal judgments and risk of assertions of error for ruling either way).

## Conclusion

For all of the foregoing reasons, the Court should grant the government's Motion and, after a hearing, disqualify attorney Gleason from representing defendant in this matter.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  /s/ *Lauren A. Graber*
Leah B. Foley
Lauren A. Graber
Assistant United States Attorneys

Date: November 29, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document filed today, November 29, 2018, through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Lauren A. Graber*
Lauren A. Graber
Assistant United States Attorney