1

```
1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
2

3    UNITED STATES OF AMERICA,          )
                                        )
4               Plaintiff               )
                                        )
5          -VS-                         ) Criminal No. 17-10281-PBS
                                        ) Pages 1 - 11
6    DALNOVIS DELAROS ARIAS and         )
     MINERVA RUIZ,                      )
7                                       )
                Defendants              )
8

9

10                          RULE 11 HEARING

11                            -EXCERPT-

12

13

14          BEFORE THE HONORABLE PATTI B. SARIS
            UNITED STATES CHIEF DISTRICT JUDGE
15

16

17                               United States District Court
                                 1 Courthouse Way, Courtroom 19
18                               Boston, Massachusetts  02210
                                 October 1, 2018, 9:39 a.m.
19

20

21

22

23              LEE A. MARZILLI
             OFFICIAL COURT REPORTER
24          United States District Court
           1 Courthouse Way, Room 7200
25             Boston, MA  02210
                (617)345-6787
```

```
 1   A P P E A R A N C E S:

 2        LEAH B. FOLEY, ESQ. and LAUREN GRABER, ESQ.,
     Assistant United States Attorneys, Office of the United States
 3   Attorney, 1 Courthouse Way, Room 9200, Boston, Massachusetts,
     02210, for the Plaintiff.
 4
          DAVID J. GRIMALDI, ESQ., David J. Grimaldi, P.C.,
 5   675 Massachusetts Avenue, Cambridge, Massachusetts, 02139, for
     the Defendant, Dalnovis Delarosa Arias.
 6
          SEAN P. GLEASON, ESQ., Gleason Law Offices, P.C.,
 7   163 Merrimack Street, Haverhill, Massachusetts, 01830, for the
     Defendant, Minerva Ruiz.
 8
     ALSO PRESENT:  Gabriel Hadad, Spanish Interpreter.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Court calls Criminal Action 17-10281,
 3   United States v. Arias and Ruiz.  Could counsel please identify
 4   themselves.
 5           MS. FOLEY:  Good morning, your Honor.  Leah Foley for
 6   the United States.
 7           MS. GRABER:  Good morning, your Honor.  Lauren Graber
 8   for the United States.
 9           MR. GRIMALDI:  Good morning, your Honor.  David
10   Grimaldi for Mr. Delarosa Arias.
11           MR. GLEASON:  Good morning, your Honor.  Sean Gleason
12   for Ms. Minerva Ruiz.
13           THE COURT:  All right, do you want to swear in the
14   Interpreter.
15           (Interpreter Hadad duly sworn.)
16           THE COURT:  Everyone please be seated.
17           Why are we here today, Ms. Foley?  Do you know?
18           MS. FOLEY:  Yes, your Honor.  My understanding was
19   that Mr. Delarosa was planning to plead guilty today to the
20   charges, and that the codefendant, Minerva Ruiz, is planning to
21   proceed to trial.  A couple of --
22           THE COURT:  I noticed -- and I say this only because
23   this was called for half an hour ago, and I know you've been in
24   having deep and serious discussions, so I didn't know if
25   basically we're in a definite course to trial.
```

1     MS. FOLEY: I believe we are, your Honor. Mr. Gleason
2 and I both were planning to ask the Court to continue the trial
3 against Ms. Ruiz for approximately one month, and that is
4 mainly -- we had filed a motion to continue previously because
5 Mr. Gleason wasn't available October 1 and there was another
6 conflict, and we had suggested a date in November or early
7 December after consulting with your clerk. And I apologize for
8 not being here for the pretrial conference, but I was in trial
9 in front of Judge Burroughs at the time; and I understand after
10 that, that the trial date had gotten set for October 9. And
11 the government immediately contacted Mr. Gleason because the
12 government is not prepared to start this trial on October 9
13 because there are still some issues with getting the
14 cooperating witness authorized through HSI headquarters to
15 testify.
16     THE COURT: I don't know what HSI is.
17     MS. FOLEY: I'm sorry. Homeland Securities
18 Investigation.
19     THE COURT: Oh, I see.
20     MS. FOLEY: This was news to me that this new
21 procedure or policy was in place. I had absolutely -- I had
22 never heard of that before and had never encountered it before.
23 So therefore the government and defense were going to be
24 asking --
25     THE COURT: Right, but at least for purposes of

1  today -- I'll deal with what date we should continue it to -- I
2  thought we should do a plea.  I don't know whether Ms. Ruiz
3  needs to be here for the plea, unless she wants to be.
4          Mr. Gleason, what do you think?
5          MR. GLEASON:  Judge, I don't think she would care to
6  be here for the plea.
7          THE COURT:  All right, I'm just asking, and I know --
8  so let's come up with a trial date right now.  I have other
9  things on obviously, so it's not so easy to -- how long a trial
10 is this?
11         MS. FOLEY:  Your Honor, if it's just against Ms. Ruiz,
12 the government expects it would be no longer than three days,
13 including jury selection, but notwithstanding --
14         THE COURT:  Do you have any witnesses?  Do you know?
15         MR. GLEASON:  No, your Honor.  It would just be the
16 defendant, if any.
17         THE COURT:  Well, all right.  Well, that's a big one,
18 so let's -- when's our next -- you on the 9th -- when can we do
19 it in November?  I have a little bit of a problem because it's
20 a District Court retreat one of those periods of time.
21         MS. FOLEY:  And, your Honor, the only other kind of
22 complicating factor is, I am scheduled to start trial in front
23 of Judge O'Toole on October 15.  The defense counsel in that
24 case filed a motion to continue until October 29, but
25 Judge O'Toole hasn't ruled on that motion yet.  If that

```
 1  happens, the government would be in trial for no more than
 2  three to four days.  So we can start the week after, but
 3  October 29 is just unavailable, but anytime after October 29.
 4           (Discussion between the Court and Clerk.)
 5           THE COURT:  Here's the problem:  I'm on with our court
 6  judicial retreat Monday.  I have to fly down to Washington too,
 7  so I'm not here the 7th, 8th, and 9th of November.  We could
 8  potential impanel, go the 5th and 6th, and then go the entire
 9  following week, although there's Veterans Day in there.
10           MS. FOLEY:  Starting on the 13th would be fine for the
11  government.
12           THE COURT:  Do you want to start on the 13th?
13           MR. GLEASON:  That would be fine for the defense also.
14           MS. FOLEY:  Yes, your Honor.  We believe, even if we
15  pick a jury on the 13th, I know your Honor is very efficient at
16  picking a jury, and therefore we could probably be done with
17  testimony by close of business on the Thursday, close on the
18  Friday, and that would just push into the week of Thanksgiving,
19  but it would only be for deliberations.
20           THE COURT:  There may be some all-day conference that
21  I'm speaking at, so we would probably go the 13th, 14th, 16th,
22  and, if necessary, 19th, 20th.
23           MS. FOLEY:  That's fine.
24           MR. GLEASON:  Yes, your Honor, that's fine.
25           THE COURT:  And I would think about maybe going full
```

```
 1   days just to finish it.
 2           MS. FOLEY:  That would be great, your Honor.
 3           THE COURT:  So we're not back up against everybody's
 4   Thanksgiving plans.
 5           MR. GLEASON:  Yes, your Honor.
 6           MS. FOLEY:  Yes.  Yes, if we go full days, the
 7   government is confident we could have it done.
 8           THE COURT:  So the 12th of course is Veterans Day, so
 9   we would be impaneling on the 13th.
10           MS. FOLEY:  And, your Honor, the government is also
11   open, to insure that we were done that week, if the Court would
12   prefer to impanel on the 5th and just tell the jurors that they
13   will be starting on the 13th.
14           THE COURT:  Well, I think -- well, you said it's
15   just -- how many witnesses do you have?
16           MS. FOLEY:  We haven't worked out stipulations yet,
17   but if we are not calling a chemist, the government believes we
18   will have no more than five witnesses.
19           THE COURT:  And at this point possibly, if the
20   defendant went, obviously that would take a full morning.
21           MR. GLEASON:  Yes, your Honor.
22           THE COURT:  All right.  Well, why don't we go for the
23   13th.  I have a major trial starting right after Thanksgiving
24   where somebody is in custody.  Now, if for some reason we can
25   move it back a week, I could potentially do that too, so, in
```

```
 1   other words, do Monday, Tuesday, if you weren't on trial in
 2   front of Judge O'Toole, so --
 3           MS. FOLEY:  I will be available on November 5.  The
 4   trial that's going to start either the 15th or 29th would
 5   definitely be over.
 6           THE COURT:  I see.  Would you want to go the 15th if
 7   the O'Toole trial gets bumped?
 8           THE CLERK:  The 5th.
 9           THE COURT:  No, you say you can't go the 9th.
10           MS. FOLEY:  So, your Honor, because of this issue with
11   headquarters --
12           THE COURT:  So would it be over by the --
13           MS. FOLEY:  No.  The government -- we could start on
14   the 29th if Judge O'Toole denies the motion.
15           THE COURT:  I can't do that, so let's just leave it
16   for the 13th.
17           MS. FOLEY:  And we will impanel on the 13th, not the
18   5th?  Okay.
19           THE COURT:  Yes, I'll exclude all time under Speedy
20   Trial Act.
21           (Discussion between the Court and Clerk.)
22           THE COURT:  She's still out.  There's no objection to
23   that?
24           MR. GLEASON:  No, your Honor.
25           THE COURT:  And other than, of course, the government
```

1  bears the burden of proof beyond a reasonable doubt, is this an
2  alibi or --
3          MR. GLEASON:  Judge, we had submitted a jury
4  instruction this morning with regard to, our position is, if
5  she was present, it doesn't necessarily --
6          THE COURT:  Mere presence defense, okay.  Okay, that's
7  fair enough.  I mean, that's a standard jury instruction, so --
8          MS. FOLEY:  Yes, and the government obviously has
9  other evidence that we believe shows involvement as charged.
10         THE COURT:  Other than the fact she was present in the
11 apartment.
12         MS. FOLEY:  Yes.  We have a lengthy recorded in-person
13 meeting in which the defendant -- a cooperator was nervous
14 about talking so freely in front of Ms. Ruiz, and on recording
15 she tells the cooperator, "Relax.  I'm in on this."  And then
16 we find during a search warrant of her house more incriminating
17 evidence, including some phone numbers that were tied to an
18 ongoing investigation, and also bus tickets for Greyhound in
19 her name from New York.  And the day before, two days before,
20 the codefendant had told the cooperator, "I just got back from
21 New York with the stuff, so I'm ready to go."  So I just put
22 that on the record because --
23         THE COURT:  So that statement is in a wire, "I --"
24         MS. FOLEY:  Yes.  Those statements were recorded by
25 the cooperator, who was having a conversation with

```
 1  Mr. Delarosa.  But during the execution of the search warrant
 2  at Defendant Ruiz's house, inside of her purse, they found the
 3  bus tickets for the two codefendants.
 4          THE COURT:  All right.  Well, so it's a trial, so --
 5          MS. FOLEY:  Yes, and I just put that on the record
 6  because the government and defense haven't had the opportunity
 7  to really talk about what, you know, the government is going to
 8  be presenting at trial, and I just say that for the benefit of
 9  Ms. Ruiz.
10          THE COURT:  The cooperator would have Jencks
11  statements and that sort of thing you'll have to turn over?
12          MS. FOLEY:  Yes, your Honor.
13          THE COURT:  All right, so there it is.  At this point,
14  as a betting person, over fifty percent likelihood of a trial?
15          MR. GLEASON:  Yes, Judge.
16          THE COURT:  Okay.
17          (Discussion between the Court and Clerk.)
18          THE CLERK:  Gabriel, are you available the week of the
19  trial?
20          THE INTERPRETER:  Yes.
21          THE CLERK:  Okay, thank you.
22          THE COURT:  So at this point I don't need you anymore,
23  Mr. Gleason.
24          MR. GLEASON:  Thank you, your Honor.
25          THE COURT:  Unless you want to say.
```

1             MR. GLEASON:  No.  Thank you, your Honor.
2             THE COURT:  And your client can leave, and she's under
3    the same conditions of release.
4             MR. GLEASON:  Yes.  Thank you, your Honor.
5             (Attorney Gleason and Defendant Ruiz leave the
6    courtroom.)
7
8                              *   *   *

1  C E R T I F I C A T E

2

3

4  UNITED STATES DISTRICT COURT )
   DISTRICT OF MASSACHUSETTS    ) ss.
   CITY OF BOSTON               )

5

6

7       I, Lee A. Marzilli, Official Federal Court Reporter,

8  do hereby certify that the foregoing EXCERPT transcript,

9  Pages 1 through 11 inclusive, was recorded by me

10 stenographically at the time and place aforesaid in

11 Criminal No. 17-10281-PBS, United States of America v. Minerva

12 Ruiz, et al, and thereafter by me reduced to typewriting and is

13 a true and accurate record of the proceedings.

14      Dated this 26th day of December, 2018.

15

16

17

18

19

20      /s/ Lee A. Marzilli
        _____
21      LEE A. MARZILLI, CRR
        OFFICIAL COURT REPORTER

22

23

24

25