UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 17-10281-PBS-2

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )
                                    )
MINERVA RUIZ                        )
_____ )

**DEFENDANT'S PROPOSED JURY *VOIR DIRE***

The Defendant, Minerva Ruiz, moves the Court to pose the following *voir dire* questions individually to each potential juror in order to facilitate the selection of a fair and impartial jury.  See Mu'Min v. Virginia, 500 U.S. 415, 427 (1991)(trial court granted wide discretion to conduct jury *voir dire*).

**I.    NATURE OF THE OFFENSE**

1. The Defendant, who is presumed innocent, is accused of conspiring with another to distribute heroin and of possessing heroin with an intention to distribute it.  Is the mere fact that the Defendant is accused of these offenses cause you to believe that you cannot be fair and impartial in this case?

2. Do you hold any strong opinions about illicit drugs, their use or abuse, that would impair your ability to remain fair and impartial in this case?

3. Heroin is an opioid. Issues related to the opioid epidemic, their use, abuse, addiction, and overdose receive a degree of media attention.  Have you read, seen, or heard anything about the opioid epidemic that would impair your ability to be fair and impartial in this case.

1

4.  You may hear evidence that the Defendant on occasion was present in a vehicle with another individual, Dalnovis Delarosa Arias, when he was allegedly in possession of a quantity of heroin.  Under the law, a defendant who is merely present when drugs are found is not responsible for them, even if she had knowledge of them.  Do you understand and accept this principle of law?

5.  Would you be able to follow the law and find the Defendant not guilty even if you believed that she was present in a vehicle with another individual found to be in possession of heroin.

## II.  MEMBERSHIP IN CERTAIN ORGANIZATIONS

6.  Are you (or is a member of your family or close acquaintance) a member of any type of drug counselling service or any organization that provides services, counseling, or assistance in connection with drug use, addiction, or abuse.  If so, would that impair your ability to be fair and impartial in this case?

## III.  LAW ENFORCEMENT

7.  Is a member of your family or a close acquaintance of yours a member of law enforcement, *e.g.* a police officer, an FBI agent, employee of a prosecutor's office, etc.?  If so, would that impair your ability to be fair and impartial in this case?

8.  If a police officer testified about an incident and a civilian testified differently, would you be more inclined to believe the police officer instead of the civilian simply because the police officer is, and the civilian is not, a member of law enforcement?

## IV.  RACE CONSIDERATIONS

9.  Ms. Ruiz is a brown skinned Hispanic female.  Do you hold any negative feelings or opinions, however slight, regarding people of Hispanic descent that would impair your ability to be fair and impartial in this case?

10. Do you hold any negative feelings or opinions, however slight, towards women with brown, black or dark skin color that would impair your ability to be fair and impartial in this case?

11. If a white person testified about an incident, and a brown skinned person testified differently, would you be inclined to believe the testimony of the white person and disbelieve that of the brown skinned person because of skin color?

12. Do you believe that the Defendant is more likely to be guilty of the charges than a white person solely because she is a brown skinned Hispanic female?

**V.     EXPERT TESTIMONY**

13. One or more police officers may give testimony as an "expert witness." An expert witness's testimony carries no greater weight than any other witness's testimony. Would you be able to consider the credibility and believability of an expert witness's testimony just as you would any other witness's testimony at trial?

14. One or more police officers may give "expert testimony" in the area of distribution of narcotics including heroin. Would you be able to find the defendant not guilty even if an "expert witness" offered an opinion that the substances in this case were intended for distribution?

**VI.    OTHER**

15. Do you harbor any information, bias, or prejudice, however slight, that may affect your ability to listen carefully to the testimony in this case, to remain impartial, and to render a true and just verdict based solely on the evidence presented at trial?

16. Is there anything, anything at all, that we have not discussed that bothers you about this case or this Defendant?

17. Would you prefer, for whatever reason, not to sit as a juror in this case?

By his Attorney,

<u>/s/ Joseph F. Krowski, Jr., Esquire</u>
JOSEPH F. KROWSKI, JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
krowskijr@gmail.com
BBO: 640902

Dated: July 1, 2019

**CERTIFICATE OF SERVICE**

    I, Joseph F. Krowski, Jr., Esquire, certify that I have this 1st day of July, 2019, served a copy of the Defendant's Proposed Jury *Voir Dire* on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

<u>/s/ Joseph F. Krowski, Jr., Esquire</u>
JOSEPH F. KROWSKI, JR., ESQUIRE