UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 17-10281-PBS-2

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
v.                                 )
                                   )
MINERVA RUIZ                       )
_____)

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**I. Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin. 21 U.S.C. §846 & 21 U.S.C. §841(a)(1), (b)(1)(A)(i).**

1. The government must prove the following elements beyond a reasonable doubt:

   a. That a conspiracy existed,
   b. That the conspiracy involved the distribution of a total of one kilogram or more of heroin,
   c. That the defendant had knowledge of the conspiracy,
   d. That the defendant knowingly and voluntarily participated in the conspiracy, and
   e. That at least one kilogram of heroin was foreseeable to the defendant.
   United States v. Pizarro, 772 F.3d 284, 294-95 (1st Cir. 2014).

2. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. The agreement need not be in express terms and may consist of a tacit, unspoken, understanding. United States v. Dellosantos, 649 F.3d 109, 115 (1st Cir. 2011).

3. To establish that the defendant belonged to and participated in a drug conspiracy, the government must prove two kinds of intent beyond a reasonable doubt: an intent to agree and an intent to commit the substantive offense. United States v. Martir, 570 F.3d 29, 39 (1st Cir. 2009).

1

4. Mere presence or association with an alleged conspirator is not sufficient proof of a defendant's participation in a conspiracy. United States v. Turner, 319 F.3d 716, 731 (5th Cir. 2003).

5. "[P]resence at the location of a conspiracy's activities, while the activities are taking place, knowing that they are taking place, without proof of intentional participation in the conspiracy, cannot support a conspiracy conviction." United States v. Tran, 568 F.3d 1156, 1165 (9th Cir. 2009) *quoting* United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001).

6. The government must prove, beyond a reasonable doubt, that in addition to being present or knowing about a crime, the defendant knowingly, deliberately, and voluntarily associated herself with the crime in some way as a participant-someone who wanted the crime to be committed, not a mere spectator. United States v. Verdugo, 617 F.3d 565 (1st Cir. 2010).

**II. Possession with Intent to Distribute One Kilogram or More of Heroin.  21 U.S.C. §841(a)(1) & (b)(1)(A)(i)**

7. The government must prove the following elements beyond a reasonable doubt:

   a. That the defendant possessed a substance,
   b. That the substance was at least one kilogram of heroin,
   c. That the defendant possessed the substance knowingly and intentionally, and
   d. The defendant had the specific intention to distribute the heroin.

   United States v. Pizarro, 772 F.3d 284, 293-94 91st Cir. 2014).

8. A defendant may "possess" an item in one of two ways. She may have "actual possession" of an item or she may have "constructive possession" of an item. United States v. Esquilin-Montanez, 298 F. Supp. 3d 345, 349 (D. P.R. 2018).

9. "Actual possession" is a state of immediate, hands-on control. <u>United States v. Esquilin-Montanez</u>, 298 F. Supp. 3d 345, 349 (D. P. R. 2018). A person who has direct physical control of an item on or around his or her person is in "actual possession" of it. <u>See</u> First Circuit Model Jury Instruction, §4.21.841(a)(1)(A), pg. 231.

10. "Constructive possession" exists whenever a person, although not in actual possession of an item, has knowledge of the item coupled with the power and intention at a given time to exercise dominion and control over the item. <u>United States v. Esquilin- Montanez</u>, 298 F. Supp. 3d 345, 349 (D. P. R. 2018); <u>United States v. McLean</u>, 409 F.3d 492, 501 (1st Cir. 2005).

11. A defendant's proximity to an item is insufficient proof of actual or constructive possession. <u>United States v. McLean</u>, 409 F.3d 492, 501 (1st Cir. 2005). Mere presence where an item is found is insufficient to prove a defendant's knowing possession of the item beyond a reasonable doubt. <u>United States v. Rodriguez-Martinez</u>, 778 F.3d 367, 373 (1st Cir. 2015).

12. Mere presence with or association with another who possesses an item is insufficient evidence to establish one's actual or constructive possession beyond a reasonable doubt. <u>United States v. McLean</u>, 409 F.3d 492, 501 (1st Cir. 2005).

13. A defendant's presence at the scene of a crime, or knowledge that a crime is being committed or is about to be committed, is not sufficient evidence to find that the defendant committed the crime beyond a reasonable doubt. <u>United States v. Verdugo</u>, 617 F.3d 565, 579 n. 3 (1st Cir. 2010).

By his Attorney,

<u>/s/ Joseph F. Krowski Jr., Esquire</u>
JOSEPH F. KROWSKI JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
krowskijr@gmail.com
BBO: 640902

Dated: July 1, 2019

3

**CERTIFICATE OF SERVICE**

    I, Joseph F. Krowski, Jr., Esquire, certify that I have this 28th day of June, 2019, served a copy of the Defendant's Proposed Jury Instructions on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

                                        /s/ Joseph F. Krowski, Jr., Esquire
                                        JOSEPH F. KROWSKI, JR., ESQUIRE