UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL No. 17-CR-10281-PBS |
| v. | |
| MINERVA RUIZ | |
| Defendant | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Andrew E. Lelling, United States Attorney, and Lauren Graber and Benjamin Tolkoff, Assistant United States Attorneys for the District of Massachusetts, hereby submits the following proposed jury instructions which are taken directly from the First Circuit Pattern Criminal Jury Instructions:

Preliminary Instructions:

1.01 Duties of the Jury

1.02 Nature of Indictment; Presumption of Innocence

1.04 Preliminary Statement of Elements of Crime

1.05 Evidence; Objections; Rulings; Bench Conferences

1.06 Credibility of Witnesses

1.07 Conduct of the Jury

1.08 Notetaking

1.09 Outline of the Trial

Instructions Concerning Certain Matters of Evidence:

2.01 Stipulations

2.04 Impeachment of Witness Testimony by Prior Conviction

2.07 Weighing the Testimony of an Expert Witness

2.08 Caution as to Cooperating Witness/Accomplice/Paid Informant

2.11 Statements by Defendant

2.15 Definition of "Knowingly"

2.17 Definition of "Willfully"

Final Instructions: General Considerations:

3.01 Duty of the Jury to Find Facts and Follow Law

3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt

3.03 Defendant's Constitutional Right Not to Testify

3.04 What Is Evidence; Inferences

3.05 Kinds of Evidence: Direct and Circumstantial

3.06 Credibility of Witnesses

3.08 What Is Not Evidence

Offenses Under Title 21:

4.21.841(a)(1)A, Possession with Intent to Distribute a Controlled Substance,

21 U.S.C. § 841(a)(1)

4.18.371(1) Conspiracy, 21 U.S.C. § 846.

//

The government respectfully reserves the right to modify this list or the specific instructions as necessary.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By:     /s/ Lauren Graber
        LAUREN GRABER
        Assistant United States Attorney
        617/748-3309

By:     /s/ Ben Tolkoff
        BENJAMIN TOLKOFF
        Assistant United States Attorney
        617/748-3183

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


/s/ Ben Tolkoff_____
BENJAMIN TOLKOFF
Assistant United States Attorney



Date: July 1, 2019

## 1.01 Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

**1.02 Nature of Indictment; Presumption of Innocence**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an Assistant United States Attorney, Lauren Graber and Benjamin Tolkoff. The defendant, Minerva Ruiz, is represented by her lawyer, Joseph Krowski.

The defendant has been charged by the government with violation of a federal law. She is charged with two offenses, or counts.

First, conspiring to possess with intent to distribute and to distribute heroin; and,

Second, possessing heroin with intent to distribute and distribution of heroin.

The charges against defendant are contained in the indictment. The indictment is simply the description of the charge against defendant; it is not evidence of anything. Defendant pleaded not guilty to the charge and denies committing the crime. She is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven her guilt beyond a reasonable doubt.

**1.04 Preliminary Statement of Elements of Crime**

In order to help you follow the evidence, I will now give you a brief summary of the

elements of the crimes charged, each of which the government must prove beyond a reasonable

doubt to make its case:

As to Count One of the Indictment, Conspiracy to Possess With Intent to Distribute and

to Distribute Heroin:

First, that the agreement specified in the indictment, and not some other agreement or

agreements, existed between at least two people to possess with intent to distribute heroin and to

distribute heroin; and

Second, that the defendant willfully joined in that agreement.

As to Count Two of the Indictment, Possession With Intent to Distribute and Distribution

of Heroin:

First, that on or about August 24, 2017, defendant possessed heroin, either actually or

constructively;

Second, that she did so with a specific intent to distribute the heroin over which she had

actual or constructive possession; and

Third, that she did so knowingly and intentionally.

You should understand, however, that what I have just given you is only a preliminary

outline.  At the end of the trial I will give you a final instruction on these matters. If there is any

difference between what I just told you, and what I tell you in the instruction I give you at the

end of the trial, the instructions given at the end of the trial govern.

### 1.05 Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**1.06 Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

### 1.07 Conduct of the Jury

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**1.08 Notetaking**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

## 1.09 Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, defendant's lawyer may make an opening statement and present evidence in the defendant's behalf, but he is not required to do so. I remind you that defendant is presumed innocent, and the government must prove the guilt of defendant beyond a reasonable doubt. Defendant does not have to prove her innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

## 2.01 Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

**2.04 Impeachment of Witness Testimony by Prior Conviction**

You have heard evidence that a witness has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

## 2.07 Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**2.08 Caution as to Cooperating Witness/Paid Informant**

You have heard the testimony of a cooperating witness.

He:

1) provided evidence under agreements with the government; and

2) received money from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of the cooperating witness with particular caution. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself.  You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he has received from the government as a result of being immunized from prosecution.

**2.11 Statements by Defendant**

You have heard evidence that the defendant made a statement in which the government claims she admitted certain facts.

It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**2.15 Definition of "Knowingly"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## 2.17 Definition of "Willfully"

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

### 3.01 Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

### 3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Minerva Ruiz has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendant is guilty of the crime with which she is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt s to defendant's guilt of a particular crime, it is your duty to find her not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should find her guilty of that crime.

### 3.03 Defendant's Constitutional Right Not to Testify

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

### 3.04 What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

### 3.05 Kinds of Evidence: Direct and Circumstantial

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**3.06 Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

### 3.08 What Is Not Evidence

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5. The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that [defendant] has had an indictment filed against [him/her] is no evidence whatsoever of [his/her] guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

**4.21.841(a)(1)A Possession With Intent to Distribute a Controlled Substance**

21 U.S.C. § 841(a)(1)

The defendant is accused of possessing heroin on about August 24, 2017, intending to distribute it to someone else. It is against federal law to have heroin in your possession with the intention of distributing it to someone else. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the defendant on that date possessed heroin, either actually or constructively;

Second, that she did so with a specific intent to distribute the heroin over which she had actual or constructive possession; and

Third, that she did so knowingly and intentionally.

It is not necessary for you to be convinced that the defendant actually delivered the heroin to someone else, or that she made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that she had in her possession what she knew was heroin and that she intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that defendant possessed a quantity of heroin—more than that which would be needed for personal use—then you may infer that defendant intended to distribute heroin. The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

If you find the defendant guilty, you will be asked to address one additional element concerning the quantity of the substance involved. Like the other elements, the quantity of the substance must be proved beyond a reasonable doubt.

## 4.18.371(1) Conspiracy, 21 U.S.C. § 846

The defendant is accused of conspiring to commit a federal crime—specifically, the crime of conspiracy to possess with intent to distribute and to distribute heroin. It is against federal law to conspire with someone to commit this crime.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to possess with intent to distribute and distribute heroin; and

Second, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the

underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of her own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that she knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, she can be found guilty of conspiracy if the government proves that she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

If you find that the defendant is guilty of this conspiracy charge, you will also have to determine whether the government has proven beyond a reasonable doubt that the conspiracy of which he was a member involved one kilogram or more of heroin.