UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 17-10281-PBS-2

_____
                                )
UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )
MINERVA RUIZ                     )
_____ )

## DEFENDANT'S MOTION *IN LIMINE* TO ADMIT DALNOVIS DELAROS ARIAS'S NOVEMBER 26, 2018, CHANGE OF PLEA AND CONVICTION TRANSCRIPT

### INTRODUCTION

The Defendant, Minerva Ruiz ("Ruiz"), moves the Court *in limine* to issue an order permitting her to introduce the transcript of co-defendant Dalnovis Delaros Arias's ("Arias's") November 26, 2018, change of plea, allocution, and conviction as evidence at her trial.

### OFFER OF PROOF

Ruiz and Arias were similarly charged with one count of conspiracy to possess with intent to distribute and to distribute heroin in an amount of one kilogram or more and one count of possession with the intent to distribute one kilogram or more of heroin.  It is alleged that in June, 2017, authorities received a tip from an informant in Puerto Rico that an individual, later identified as Arias, was looking to sell multiple kilograms of heroin in Massachusetts.  That informant

1

provided no information that a woman generally, or the Defendant, Ruiz, specifically, was involved with Arias's activities or that she had knowledge of them.

Upon receiving the tip, Boston area federal agents recruited a cooperating witness who made telephone contact with Arias.   During the months of July and August, 2017, Arias had several telephone conversations with the cooperating witness as well as two in-person meetings whereupon the parties allegedly discussed selling kilogram quantities of heroin.   Ruiz participated in none of the phone conversations.

Regarding the in person meetings, the first occurred on July 13, 2017.   The government's cooperating witness met with Arias in a white Honda SUV that was registered to and driven by Ruiz.   Ruiz was allegedly present as the cooperating witness and Arias discussed selling heroin.   The second meeting occurred on August 24, 2017.   The cooperating witness again met with Arias in Ruiz's vehicle which she was driving.   Following this meeting, authorities converged on the vehicle. Two quantities of suspected heroin were recovered separately from two cereal boxes in the vehicle's backseat area.   The quantities collectively weighed more than one kilogram. Ruiz and Arias were arrested and similarly charged with crimes alleged in the indictments.

On November 26, 2018, Arias appeared in Court for a change of plea hearing pursuant to Fed. R. Crim. P. 11.   Arias pleaded

guilty to both counts of the indictment. (Pg. 16[1]).  His

allocution followed.  Before it commenced, Arias acknowledged he

was under oath and could be prosecuted for perjury if he

answered the Court's questions falsely:

> THE COURT:     Sir, do you understand you're still
>                under oath, and if you answer any of my
>                questions falsely, your answers can
>                later be used against you in another
>                prosecution for perjury or making a
>                false statement?
>
> ARIAS:         Yes.

During his allocution, given under oath with threat of

perjury prosecution should he lie, Arias made several statements

which are exculpatory evidence as it pertains to the Ruiz's

upcoming trial. For example, Arias stated the following

regarding his choice to plead guilty:

> THE COURT:     Do you feel as if you're doing this
>                (pleading guilty) of your own free will
>                or because you're being pressured by an
>                attorney?
>
> ARIAS:         Truly, I've always been in agreement
>                with doing a plea to the possession
>                charge but not to the conspiracy
>                charge, but I see there's no other
>                option for me, and for me to plead
>                guilty to possession, I also need to
>                plead guilty to conspiracy.   (Pg. 21).

---

[1] Reference is made to the Transcript of the November 26, 2018,
Final Pretrial Conference/Rule 11 Hearing.

Arias had the following colloquy with the Court regarding the availability of the "safety valve" to reduce his sentence below the ten year minimum mandatory:

THE COURT:     If convicted, you'd probably be stuck
               with the 10-year mandatory minimum,
               unless you did the safety valve. Do you
               understand?

ARIAS:         Yes.  The problem with the safety valve
               is that I'm unsure that if he asks
               questions, where if I lie, that would
               be used against me, but if I tell the
               truth, they are going to think that I'm
               lying because in fact I'm not in
               agreement with some of the things that
               the prosecutor described in terms of
               Ms.—(pg. 26-27).

The fair inference from the above exchanges is that Ruiz did not agree with prosecution's allegations against Ms. Ruiz. This inference is made abundantly clear when Arias addressed the prosecutor's allegations as they pertained to Ruiz's alleged involvement:

THE COURT:     So what is the part (of the
               prosecutor's recitation of facts) you
               disagree with?

ARIAS:         Ms. Minerva had no knowledge of what I
               was doing and my activities.

THE COURT:     And do you agree that there was a
               conspiracy with someone other than
               Minerva and the person cooperating with
               the government?

ARIAS:         Yes, but not with her.

THE COURT:     Okay.

ARIAS:          She did not know about my activities.
                (Pg. 37)

. . .

THE COURT:      And, as I understand it, the
                disagreement here is who you were
                conspiring with, that you were
                conspiring with someone in Texas and
                maybe someone else but not with
                Minerva. Is that right?

ARIAS.          Yes.

THE COURT:      Is that right?

ARIAS:          Yes, but not in Texas.

THE COURT:      Well, where is the person?

ARIAS:          In the Dominican Republic. (Pg. 38).

**ARGUMENT**

The transcript of Arias's allocution is admissible as a

statement made against his penal interest under Fed. R. Evid.

804(b)(3).  Arias's statements "were made in open court, under

oath, before the sentencing judge, following extensive pre-trial

proceedings, with the assistance of counsel, and against (his)

penal interest." United States v. Petrillo, 237 F.3d 119, 123

(2nd Cir. 2000).   Arias is also unavailable under Fed. R. Evid.

804(a)(1) due to his Fifth Amendment privilege with respect to

the indictments as well as uncharged conduct.  Following his

guilty plea, Arias submitted a letter making clear he intended

to appeal his sentence.  Therefore, it is reasonably likely that

there will be further proceedings with respect to Arias's

charges in which statements potentially could be used against him.

Arias's allocution transcript is also admissible pursuant to the "residual exception" to the rule against hearsay, Fed. R. Evid. 807.  Arias's statements have circumstantial guarantees of trustworthiness;  are offered as evidence of a material fact-- Ruiz's lack of knowledge of or participation in the alleged drug crimes;  Arias's statements are more probative on this issue than any other affirmative evidence the defendant could secure; and admitting the evidence is in the best interest of justice as it serves the defendant's constitutional rights under the Sixth and Fourteenth Amendments to present exculpatory evidence in her own defense.  See Chambers v. Mississippi, 410 U.S. 284 (1973).

Lastly, admission of Arias's change of plea hearing is required in accordance with Ruiz's constitutional right to present exculpatory witnesses and evidence in her own defense guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.  See Chambers v, Mississippi, 410 U.S. 284 (1973).

**CONCLUSION**

For the forgoing reasons, the Defendant's Motion *in Limine* to Admit Dalnovis Delaros Arias's November 26, 2018, Change of Plea Colloquy and Conviction Transcript must be allowed.

By her Attorney,

/s/ Joseph F. Krowski Jr., Esquire
JOSEPH F. KROWSKI JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 584-2555
krowskijr@gmail.com
BBO: 640902

Dated: July 10, 2019

**CERTIFICATE OF SERVICE**

I, Joseph F. Krowski, Jr., Esquire, certify that I have this 10th day of July, 2019, served a copy of this Motion *in Limine* on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

/s/ Joseph F. Krowski, Jr., Esquire
JOSEPH F. KROWSKI, JR., ESQUIRE