# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 17-CR-10281-PBS |
| MINERVA RUIZ, | ) ) ) ) | |
| Defendant | ) ) | |

## GOVERNMENT'S MOTIONS IN LIMINE

The United States of America, by its attorneys, United States Attorney Andrew E. Lelling and Assistant U.S. Attorneys Lauren Graber and Benjamin Tolkoff, respectfully moves the Court: 1) to admit copies of the original Spanish-language recordings of conversations between a government cooperator, the defendant and her codefendant, and to admit English-language transcripts of those recordings; 2) to preclude any reference in the presence of the jury to potential punishment; 3) to admit statements of co-conspirator and preclude introduction of self-serving hearsay.

1. MOTION PURSUANT TO *UNITED STATES v. RENGIFO* REGARDING ENGLISH TRANSCRIPTS OF SPANISH RECORDINGS:

The government respectfully moves for leave to introduce into evidence at trial (1) copies of original recordings of conversations between a government cooperator, defendant Minerva Ruiz and her codefendant Dalvonis Delarosa Arias which are in Spanish; and (2) English translations of those conversations. The government further requests leave to read into evidence all or part of the English translations.

As grounds for this motion, the government states as follows:

In *United States v. Rengifo*, 789 F.2d 975 (1st Cir. 1986), the First Circuit Court of Appeals held that a properly-authenticated transcript of a foreign-language recording may be admitted as substantive evidence and provided to the jurors during deliberations. *Id.* at 983.

The Court further held that the government's use of readers to read the transcripts, rather than playing the recordings, "[does] not change the essential nature of the transcript evidence" and is therefore permissible. *Id.*

A government cooperator spoke with defendant Delarosa Arias on June 28, June 29, July 13, August 22, August 23 and August 24, 2017. Defendant Ruiz was present during, and participated in, some of those conversations. All of these conversations were in Spanish. All of these conversations are admissible pursuant to Federal Rule of Evidence 801(d)(2)(A), as statements made by Minerva Ruiz or, pursuant to Federal Rule of Evidence 801(d)(2)(E) by defendant Delarosa Arias in furtherance of the charged conspiracy.

The government has prepared English translations of the recordings and has provided those translations to defense counsel. If necessary, the government will introduce evidence at trial concerning the authenticity of the recordings and the accuracy of the translations.

The government respectfully requests that its motion for leave to introduce into evidence at trial copies of the Spanish-language recordings and the English translations of those recordings, and to read into evidence all or part of the English transcripts, be allowed.

2.    MOTION TO PRECLUDE REFERENCE TO PUNISHMENT:

The government moves to preclude, as irrelevant and prejudicial, any reference by the defendant to his potential sentence during all phases of the trial (including jury selection, opening statements, examination of witnesses, including the defendant if she elects to testify, and summation). That reference could be as overt as, "You understand I am facing a mandatory

minimum of ten years if convicted," or more subtle such as, "I am facing a lot of time," "this case has serious consequences for me," "my liberty is at stake in this trial," or "your decision will have consequences for a long time to come." Once the jury hears anything about punishment, the bell simply cannot be un-rung or the damage neutralized by a curative instruction.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion"); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (explaining that jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"). Therefore, the defendant should be precluded from making any reference in the presence of the jury to punishment in statements, questions, or argument.

3. MOTION TO ADMIT DEFENDANT'S STATEMENTS AND PRECLUDE SELF-SERVING HEARSAY:

The United States intends to offer a limited number of statements by the defendant during its case in chief—this includes statements made to a government cooperator. All statements by a defendant may be admitted by the government (and only the government) as non-hearsay admissions by a party opponent pursuant to Rule 801(d)(2)(A).

Dated: July 10, 2019     By:    */s/ Lauren A. Graber*
                                                 BENJAMIN TOLKOFF
                                                LAUREN GRABER
                                                Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

     I, Lauren A. Graber, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing on defendant's attorney by electronic filing.

July 10, 2019                                  */s/ Lauren A. Graber*
                                                     Lauren A. Graber
                                                     Assistant U.S. Attorney