UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. 17-CR-10281-PBS |
| MINERVA RUIZ | |
| Defendant | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO ADMIT
HEARSAY STATEMENTS OF CODEFENDANT

The United States of America, by Andrew E. Lelling, United States Attorney, and Lauren

Graber and Benjamin Tolkoff, Assistant United States Attorneys for the District of

Massachusetts, respond to defendant Minerva Ruiz' motion to admit statements of Dalnovis

Delarosa Arias.  Ms. Ruiz' motion fails because she has not shown that Arias is unavailable and

the statements she seeks to admit are not against Arias' penal interest.  Ruiz' motion is without

merit and should be denied.

1.      BACKGROUND:

In the summer of 2017, the government investigated Dalnovis Delarosa Arias (Arias) and

Minerva Ruiz (Ruiz).  The investigation culminated in a ruse to buy two kilograms of heroin

from Arias and Ruiz.  On August 24, 2017, Arias and Ruiz showed up with the heroin but

instead of being paid, were met by law enforcement officers and arrested.

On September 20, 2017, a grand jury returned an indictment charging Arias and Ruiz

with one count of possession of heroin with intent to distribute and one count of conspiring to

distribute heroin.

On November 26, 2018, defendant Arias pled guilty as charged.  Defendant Ruiz is currently scheduled for trial on July 22, 2019.

Now, pursuant to Federal Rule of Evidence 804(b)(3), Ruiz moves to admit portions of Arias' plea colloquy at trial.  Ruiz has failed to show that Arias is unavailable and if she had, the statements she seeks to admit are not against Arias' penal interest.

2.    ARGUMENT:

Under Rule 804(b)(3), a hearsay statement may be admitted at trial only if the proponent can satisfy the following three-part test: (1) the declarant's statements must have been against the declarant's interest; (2) corroborating circumstances exist which clearly indicate the trustworthiness of the declarant's statement; and (3) the declarant must have been unavailable as a witness.

*United States v. Hall*, 165 F3d 1095, 1112 (7th Cir 1999).

As set forth below, Ruiz has not shown that Arias is unavailable and the statements Ruiz seeks to introduce are not against Arias' interest.

a.    Availability:

Here, Ms. Ruiz must first show that Arias is unavailable.  To establish Arias' unavailability, Ruiz merely proffers the following, conclusory statement:

Following his guilty plea, Arias submitted a letter making clear he intended to appeal his sentence. Therefore, it is *reasonably likely* that there will be further proceedings with respect to Arias's charges in which statements *potentially* could be used against him.

*United States v. Ruiz*, 17-cr-10281-PBS (D. Ma.), Docket 173, pp. 6-7 (emphasis added).

Ms. Ruiz has presented no information about what steps, if any, she has taken to secure Mr. Arias' presence for trial.  The fact that it is "reasonably likely" that there will be further proceedings in Mr. Arias' case in which the statements he makes could "potentially" be used against him does not mean that Arias is unavailable at trial.  It may be fair to infer that if called, Mr. Arias would invoke his Fifth Amendment privilege against self-incrimination.  But that

inference is unsupported by any evidence.  Mr. Arias is either available or he is not.  On the record before the Court, it is pure speculation to conclude that Arias is unavailable.

b.    <u>Against Interest</u>:

Assuming for the sake of argument that Mr. Arias is unavailable, Ms. Ruiz' argument would still fail.  The statements she seeks to introduce are not against Arias' penal interest.

> [The Supreme Court] considered the question of what is meant by "statement" in light of the principle that Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true.  [This] principle points clearly to a narrow definition of "statement" as "a single declaration or remark," rather than to a broad definition as "a report or narrative."  The Court concluded [that] the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory.  The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession, and this is especially true when the statement implicates someone else.  The Court explained that "[t]he fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability.

*United States v. Barone*, 114 F3d 1284, 1295 (1st Cir 1997), *citing Williamson v. United States*, 512 U.S. 594, 600–01 (1994) (internal citations and quotations omitted).

Although Arias' admissions to crimes during the course of his plea colloquy may well be against his penal interest, the statements Ms. Ruiz seeks to admit are collateral to Arias' admission of guilt.  Therefore they are not covered by F.R.E. 804(b)(3) and are inadmissible hearsay.

The Southern District of New York reached the same conclusion on this exact issue.

> Rule 804(b)(3) only supports the admission of the self-inculpatory portions of a hearsay statement under *Williamson v. United States,* 512 U.S. 594 (1994). Because the portions of [a codefendant's] plea allocution that [the defendant] seeks to admit were not self-inculpatory, those portions of the allocution would not be admissible under Rule 804(b)(3).

*United States v. Zapata*, 357 F Supp 2d 667, 669 (SDNY 2005).

3.      <u>CONCLUSION</u>:

Defendant Ruiz motion has not shown that the declarant, whose statements she seeks to introduce, is unavailable.  Even if Ruiz made that showing, the statements she wants to admit are not against the declarant's interest.  Ms. Ruiz trying to make an end-run around calling Arias as a witness and she is asking this Court to disregard the rules of evidence by admitting self-serving hearsay.  Ms. Ruiz' motion is without merit and should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     /s/ *Lauren A. Graber*
LAUREN A. GRABER
BENJAMIN TOLKOFF
Assistant United States Attorneys

Date:  July 15, 2019

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lauren A. Graber*
LAUREN A. GRABER
Assistant United States Attorney

Date: July 15, 2019