UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MINERVA RUIZ<br><br>Defendant | CRIMINAL No. 17-CR-10281-PBS |

GOVERNMENT'S OBJECTIONS TO
DEFENDANT'S PROPOSED VOIR DIRE

The United States of America, by Andrew E. Lelling, United States Attorney, and Lauren Graber and Benjamin Tolkoff, Assistant United States Attorneys for the District of Massachusetts, hereby opposes the defendant's proposed voir dire questions as follows:

**1. Proposed Questions 4 and 5**

Defendant's proposed Questions 4 and 5 ask detailed questions about how potential jurors would apply the law to the facts of this case. As the First Circuit has stated, however, "[t]he function of voir dire is not to counsel prospective jurors on the rules and procedures of criminal law but rather to expose potential bias or prejudice." *United States v. Sherman*, 551 F.3d 45, 51 (1st Cir. 2008). The government's proposed voir dire includes a question (Dkt. 169 No. 8) which asks if there is any reason a potential juror would be unable or unwilling to apply the law. This general inquiry is more than sufficient and the Court should not ask defendant's proposed Question 4 or 5.

**2. Proposed Questions 9-12**

Defendant's proposed Questions 9 through 12 ask specific questions about racial bias. Voir dire questions on the issue of race are appropriate only when racial issues are inextricably

intertwined with the matters at trial or where there is a reasonable possibility that racial prejudice will influence the jury. *See United States v. Barber*, 80 F.3d 964, 968 (4th Cir. 1996). "[E]very criminal trial cannot be conducted as though race is an issue simply because the trial participants are of different races." *Id*. Indeed, seeking out generalized racial prejudices during voir dire "tend[s] to subvert the court's express admonition to jurors to convict or acquit only on the evidence before them without partiality to any party." *Id*. As such, the above-referenced voir dire questions, as well as any other questions concerning race should not be allowed to be asked to potential jurors.

### 3. Proposed Question 14

Defendant's proposed Question 14 asks, essentially, whether a juror would be willing to disregard a specific type of admissible evidence simply because it was offered by law enforcement. This question is unduly prejudicial and unnecessarily specific. The government suggests, instead, a more general question might be asked: whether any of the prospective jurors would give greater or lesser weight to the testimony of a law enforcement officer, by the mere reason of his/her position.

July 15, 2019                                    Respectfully submitted,

                                                 ANDREW E. LELLING
                                                 United States Attorney

                                    By:    */s/ Lauren A. Graber*
                                           LAUREN A. GRABER
                                           BENJAMIN TOLKOFF
                                           Assistant United States Attorneys
                                           617-748-3309

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lauren A. Graber*
LAUREN A. GRABER
Assistant United States Attorney

Date: July 15, 2019