UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MINERVA RUIZ<br><br>Defendant | CRIMINAL No. 17-CR-10281-PBS |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Andrew E. Lelling, United States Attorney, and Lauren Graber and Benjamin Tolkoff, Assistant United States Attorneys for the District of Massachusetts, hereby opposes the defendant's proposed jury instructions 4, 5, 6, 11, 12, and 13. These instructions unduly emphasize the defendant's anticipated defense to this case: mere presence. The government, of course, acknowledges that the law requires more than mere presence. Indeed, the government's proposed jury instructions—which are taken directly from the First Circuit's Pattern Criminal Jury Instructions—include the basic instruction on mere presence. Dkt. 170 at p. 32. The defendant, however, seeks instructions that go well beyond the pattern instructions. To the extent that the Court is inclined to instruct the jury more extensively on "mere presence," the government respectfully requests that the Court utilize the following instruction, which was upheld by the First Circuit in *United States v. Verdugo*, 617 F.3d 565, 580 n.3 (1st Cir. 2010):

> Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances…. [T]he law recognizes a difference between mere presence and culpable presence in the context of drug trafficking activities. While mere presence is not sufficient to base criminal charges, a defendant's presence at the point of a drug sale

> taken in light of attendant circumstances can constitute strong evidence of complicity. Thus[,] you must evaluate the circumstances of this case in order to determine the quality of the defendant's presence at a location where drugs are found. This will assist you in determining whether the defendant was merely present or culpably present.

The First Circuit found that this instruction was "an entirely accurate recitation of First Circuit case law that more than adequately explained the concept to the jury." *Id*. at 580. As such, the government respectfully requests that the Court provide this instruction instead of the defendant's proposed instructions.

July 15, 2019                                   Respectfully submitted,

                                                ANDREW E. LELLING
                                                United States Attorney


                                        By:     */s/ Lauren A. Graber*
                                                LAUREN A. GRABER
                                                BENJAMIN TOLKOFF
                                                Assistant United States Attorneys
                                                617-748-3309

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>	*/s/ Lauren A. Graber*
>	LAUREN A. GRABER
>	Assistant United States Attorney

Date: July 15, 2019