UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1-CR-10281-PBS-2

_____
                            )
UNITED STATES               )
                            )
v.                          )
                            )
MINERVA RUIZ                )
_____ )

## DEFENDANT'S OBJECTION AND MOTION TO EXCLUDE RECORDINGS AND TRANSCRIPTS OF CONVERSATIONS BETWEEN CO-DEFENDANT DALNOVIS DELAROS ARIAS AND A COOPERATING WITNESS AS INADMISSIBLE HEARSAY

### INTRODUCTION

The government has expressed an intention to introduce at trial several recorded telephone conversations between co-defendant Dalnovis Delaros Arias ("Arias") and a cooperating witness ("CW") as well as two in-person recordings of conversations between Arias and the CW.  Ms. Ruiz hereby objects to their introduction as evidence and moves to exclude them as inadmissible hearsay, the introduction of which would violate her Sixth Amendment right of confrontation.

### OFFER OF PROOF

Ruiz and Arias were charged by indictment with one count of conspiracy to possess with the intent to distribute and to distribute heroin and one count of possession with the intent to

distribute heroin[1].  The government has alleged that in June, 2017, authorities with the Department of Homeland Security received a tip from an informant in Puerto Rico that an individual, later identified as Arias, was looking to sell multiple kilograms of heroin in Massachusetts.  That informant provided no information regarding Ruiz.  The informant did not allege Ruiz was involved in Arias's activities, that she knew of them, or that she shared his alleged intent.

After receiving the tip, Boston area agents worked with CW who established telephone contact and in-person contact with Arias during the months of July and August of 2017.  The telephone and in-person conversations were recorded. The first telephone conversation occurred on June 28, 2017, at 1:06 p.m. During that call, Arias expressed his own, individual need to meet with CW. During the second telephone conversation, dated June 29, 2017, at 12:56 p.m., Arias and the CW discussed arrangements for a meeting following the "long weekend" and the Fourth of July holiday.

The first in-person meeting occurred in Charlestown on July 13, 2017, at approximately 4:20 p.m. At the meet location, Arias and the CW discussed plans.  Ruiz was allegedly present.  Ruiz did not select the meeting location.  She merely parked the car where CW directed her:

---

[1] The alleged weight is one kilogram or greater.

| | |
|---|---|
| Ruiz: | Should I park on the right? |
| CW: | There, wherever you want. Go ahead, park, yes… |
| . . . | |
| CW: | …let's park someplace else, man…Go ahead, if you want, let's go up over there (VOICES OVERLAP). Park up ahead there. Park over there, yes. |
| Ruiz: | Here, here? |
| CW: | Yes. |
| Ruiz: | Next to [UI]? |
| CW: | Yes. |

Arias engaged in further conversation with CW. The only comments made by Ruiz was her statement, "Let me tell you something: he and I would be like you and him." (7/13/2017, pg. 7). The in-person meeting was followed by a short third telephone conversation between Arias and the CW. Ruiz was not mentioned or discussed.

Arias and the CW had a fourth telephone conversation on August 22, 2017, at 10:50 p.m. During this conversation, Arias advised CW of the of the amount of alleged heroin. There was a fifth and sixth telephone conversation on the evening of August 23, 2017. During the first call, Arias described the alleged heroin and an appropriate price. During the second call, Arias and the CW discussed weight.

Ruiz was allegedly present for the second in-person meeting Arias had with the CW on August 24, 2017.  Ruiz allegedly drove Arias to the meet location.  Just as during the first meeting, the CW directed Ruiz  where to park:

> CI:     Mmm. Turn…Turn here.
>
> UF:     There?
>
> CI:     Yes. We have to go by the [UI}, by there. (8/24/17, pg. 1).
>
> .  .  .
>
> CI:     Here you can park anywhere you want.
>
> UF:     To the right?
>
> CI:     Yes, wherever you want.  (8/24/17, pg. 1).

Arias was prepared to give CW suspected heroin packaged as brick shaped objects wrapped in tape, concealed in two cereal boxes. The cooperating witness exited the vehicle, and federal agents converged. Arias and Ruiz were both arrested and charged.

On November 26, 2018, Arias appeared in Court for a change of plea pursuant to Fed. R. Crim. P. 11. Arias pleaded guilty to both counts of the indictment.  During his allocution, he did not aver that he was involved in a conspiracy with Ruiz. Rather he identified his coconspirator as a person from the Dominican Republic.

## ARGUMENT

Erroneous introduction of testimonial hearsay statements violates a defendant's Sixth Amendment right to confront witnesses through cross-examination.  See Crawford v. Washington, 541 U.S. 36 (2004).  A statement made by a coconspirator during the course and in furtherance of an alleged conspiracy is admissible as a non-testimonial, non-hearsay admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2)(E).  United States v. Newton, 326 F.3d 253, 257 (1st Cir. 2003); United States v. Ciresi, 697 F.3d 19, 25 (1st Cir. 2012).

Before a declarant's statements may be admissible as those of a coconspirator, the government must prove by a preponderance of the evidence that when the statements were made the defendant and the declarant were members of a conspiracy and the statements were made in furtherance of the conspiracy.  Newton, 326 F.3d at 257.  The statements standing alone are insufficient for the government to meet its burden.  United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993).   "Though the district court may consider a statement's contents and the circumstances attending its utterance when gauging the statement's reliability,… admitting the statement into evidence requires some extrinsic proof of the declarant's involvement in the conspiracy."  Id. (internal citations omitted).

To establish a defendant was involved in a conspiracy with the declarant at the time the statement was made, the government must have sufficient extrinsic evidence that the defendant had an agreement with the declarant to accomplish an unlawful act. United States v. Dellosantos, 649 F.3d 109, 115 (1st Cir. 2011). The government must prove that the defendant had knowledge of the conspiracy and knowingly and voluntarily participated in it. United States v. Pizarro, 772 F.3d 284, 294-95 (1st Cir. 2014). A defendant's "presence at the location of a conspiracy's activities, while the activities are taking place, knowing that they are taking place, without proof of intentional participation in the conspiracy," is insufficient to establish one's liability as a conspirator. See United States v. Tran, 568 F.3d 1156, 1165 (9th Cir 2009) *quoting* United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001).

In this case, the government has no extrinsic evidence that Ruiz knowingly and intentionally participated in a conspiracy with Arias to distribute heroin.  Federal agents received information from a confidential informant that Arias was looking to conduct heroin transactions in Massachusetts.  Agents recruited CW who made regular telephone contact with Arias. Ruiz participated in none of the telephone calls.

CW also had two in-person meetings with Arias to negotiate and then receive approximately two kilograms of suspected heroin.

Ruiz was present during both in-person meetings.  The government's proof establishes only that Ruiz was present with Arias.  Ruiz did not participate in Arias's criminal conduct. She did not discuss drugs, prices, quantity, quality, meet locations, or anything remotely connected with drug sales. On both occasions when she was present, she simply parked the vehicle where CW told her to park.

The government has insufficient extrinsic evidence demonstrating by a preponderance of evidence that Ruiz was a member of a conspiracy with Arias at the time his challenged statements were made.  Therefore, the government's motion *in limine* to admit recordings and transcripts of telephone and in-person conversations between Arias and the CW must be denied. Correspondingly, the Defendant's motion to exclude the statements as inadmissible hearsay must be allowed.

## CONCLUSION

For the forgoing reasons this written objection must be sustained and the motion be allowed.

By her Attorney,

/s/ Joseph F. Krowski Jr., Esquire
JOSEPH F. KROWSKI JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 584-2555
krowskijr@gmail.com
BBO: 640902

Dated: July 19, 2019

7

**CERTIFICATE OF SERVICE**

I, Joseph F. Krowski, Jr., Esquire, certify that I have this 19th day of July, 2019, served a copy of this Objection and Motion on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

/s/ Joseph F. Krowski, Jr., Esquire
JOSEPH F. KROWSKI, JR., ESQUIRE