```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                              DOCKET NO. 1-CR-10281-PBS-2
_____
                      )
UNITED STATES         )
                      )
v.                    )
                      )
MINERVA RUIZ          )
_____)
```

## MOTION *IN LIMINE* TO IMPEACH THE GOVERNMENT'S COOPERATING WITNESS WITH A PENDING STATE CRIMINAL CHARGE

### INTRODUCTION

The Defendant, Minerva Ruiz ("Ruiz"), moves the Court *in limine* to issue an order permitting her, through Counsel, to impeach the government's cooperating witness ("CW") by inquiring of his open and pending state criminal prosecution, as the pendency of the charge suggests the potential for bias. Inquiry is therefore permissible pursuant to Fed. R. Evid. 608(b) and required by the Sixth Amendment to the U.S. Constitution. See Davis v. Alaska, 415 U.S. 308, 315-17 (1974).

### OFFER OF PROOF

On April 13, 2005, CW pleaded guilty in a Massachusetts District Court to one count of distribution of a class A substance. The CW is a non-citizen who is receiving deferred action regarding his status in light of his cooperation with the government. Under Federal Law, a conviction for the state

1

court drug offense carries the consequence of presumptively mandatory removal from the United States. See Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010).

On October 2, 2017, while representing Ruiz in this matter, Attorney Gleason filed a Motion for New Trial on behalf of the CW to withdraw his guilty plea to the state court charge. The motion remained pending throughout the entire year of 2018, receiving eight continuances, while Attorney Gleason continued to represent Ruiz.  As Ruiz approached her first trial date, it was discovered that Attorney Gleason represented both the CW and Ruiz. On the Government's motion, Attorney Gleason was disqualified from representing Ruiz on January 11, 2019, due to his clear conflict.

Eleven days later, Attorney Gleason appeared in state District Court on January 22, 2019, on the CW's behalf. The Motion for New Trial was marked for hearing on February 7, 2019, whereupon it was allowed with the state prosecutor's assent. The endorsement on the motion reads, "The Commonwealth having assented to the motion, it is allowed." Returned to the trial list, the CW's open matter has a status date of August 7, 2019, shortly after his expected trial testimony.

## ARGUMENT

Ruiz has a Sixth Amendment right to confront the CW through cross-examination.  Davis v. Alaska, 415 U.S. 308, 315-16

(1974). The constitutional right of cross-examination includes the right to impeach a witness's credibility by exposing bias. Id.

> A more particular attack on the witness's credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." Id. at 316.

The Federal Rules of Evidence also permit impeachment of a witness with an open matter if the pending matter would have a tendency to affect the witness's truthfulness. See Fed. R. Evid. 608(b).

In this case, Ruiz intends to impeach the CW with his pending criminal charge. "As a general rule, pending charges are relevant to show a pro-government bias on the part of the testifying witness, on the theory that the witness might tailor her testimony to please the prosecutor, in exchange for a promise of leniency on the pending charges." Stephens v. Hall, 249 F.3d 210, 224 (1st Cir. 2002).

In Ruiz's case, the sequence of events demonstrates that Attorney Gleason and the CW leveraged CW's status as a cooperating witness in this federal case to secure an advantage in state court, thus demonstrating his bias and motivation to lie. The CW and Attorney Gleason secured the state prosecutor's

3

assent to the motion, which had been pending for over a year, one month after disclosure of CW's status as a cooperating witness and Attorney Gleason's withdrawal from this case on the government's motion because of his obvious conflict.

It cannot be overlooked that the CW is a non-citizen receiving deferred action on his immigration status. Allowance of his Motion for a New Trial to remove his guilty conviction with the state prosecutor's assent was a tremendous benefit to the CW in terms of his immigration status. Further resolution of the pending drug charge will carry substantial immigration consequences. That charge is scheduled for status within a few weeks of CW's trial testimony.

## CONCLUSION

For the forgoing reasons, the Defendant's Motion *in Limine* must be allowed.

By her Attorney,

/s/ Joseph F. Krowski Jr., Esquire
JOSEPH F. KROWSKI JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 584-2555
krowskijr@gmail.com
BBO: 640902

Dated: July 19, 2019

Case 1:17-cr-10281-PBS   Document 185   Filed 07/19/19   Page 5 of 5

**CERTIFICATE OF SERVICE**

I, Joseph F. Krowski, Jr., Esquire, certify that I have this 19th day of July, 2019, served a copy of this Motion *in Limine* on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

/s/ Joseph F. Krowski, Jr., Esquire
JOSEPH F. KROWSKI, JR., ESQUIRE