UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MINERVA RUIZ<br><br>Defendant | CRIMINAL No. 17-CR-10281-PBS |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE RECORDINGS AND TRANSCRIPTS
OF CONVERSATIONS BETWEEN CO-DEFENDANT DALNOVIS DELAROSA ARIAS
AND A COOPERATING WITNESS AS INADMISSIBLE HEARSAY (DKT. 184)

The United States of America, by Andrew E. Lelling, United States Attorney, and Lauren Graber and Benjamin Tolkoff, Assistant United States Attorneys for the District of Massachusetts, respond to defendant Minerva Ruiz' ("Ruiz") motion to exclude statements of Dalnovis Delarosa Arias ("Delarosa") (Dkt. 184). Co-defendant Delarosa's statements are admissible as statements of a coconspirator pursuant to Federal Rule of Evidence 801(d)(2)(E). To the extent that the Court has any reservation about the admissibility of the statements offered under Rule 801(d)(2)(E), the government requests that the Court provisionally admit the statements at trial and make the necessary finding of admissibility at the close of evidence, in accordance with *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977).

1. BACKGROUND:

Between June 28 and July 13, 2017, Delarosa and a government cooperator ("cooperator") discussed drug dealing. Those conversations were recorded.

On July 13, 2017, the cooperator met with Delarosa and defendant Ruiz for nearly twenty minutes. The meeting took place in Ruiz' Honda Civic, which Ruiz drove from Lawrence to

Charlestown, Massachusetts for the meeting. The conversation between Delarosa, Ruiz, and the cooperator at that meeting was also recorded. *See* Ex. 4 (submitted via email for the Court's review on July 17, 2019). The drug discussions during this meeting were frank: they discussed "heroin" expressly, and negotiated prices per kilogram. Ex. 4 at pp. 11, 13. Delarosa and the cooperator discussed that the "synthetic one (meaning fentanyl)…moves well there in Lawrence," while "in Connecticut, the brown one (meaning heroin) moves well." *Id*. at 10. Ultimately, the cooperator agreed to buy two kilograms of heroin. *Id*. at 13.

The majority of these discussions were between Delarosa and the cooperator, but Ruiz remained inside the small car with both men throughout the twenty-minute meeting. Early in the conversation, the cooperator expressed hesitation about having such open drug communications in front of Ruiz. Delarosa told the cooperator "don't worry because that woman is my right hand in everything."

Later, Delarosa called the cooperator's "boss"—the ultimate customer for whom the cooperator was supposedly buying the drugs—on speakerphone, so that they could all discuss the specifics of the deal. Immediately after the call, Ruiz interjected and made her role known to the cooperator: "Let me tell you something: he and I (meaning Delarosa) would be like you and him (meaning the cooperator's boss). In other words, she told the cooperator that she was in on the deal, and that she worked with Delarosa.

Several weeks after this initial meeting, the parties met again—this time for Ruiz and Delarosa to deliver the two kilograms of heroin. Having been a party to the entire drug negotiation on July 13, then on August 24, 2017, Ruiz again drove Delarosa to meet the cooperator in the same Charlestown location. When the cooperator entered Ruiz' vehicle, he asked where the drugs were. While Delarosa said, "Everything is there," Ruiz pointed at a bag

containing two cereal boxes on the rear floor of her vehicle. Inside those cereal boxes were the nearly two kilograms of heroin seized by agents.

2. ARGUMENT:

Rule 801(d)(2)(E) provides that statements "offered against an opposing party and . . . made by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay. Such statements are admissible at trial for the truth of the matter asserted if the proponent establishes, by a preponderance of the evidence, that (1) a conspiracy existed; (2) the defendants were members of the conspiracy, (3) the declarants were also members of the conspiracy, and (4) the declarants' statements were made in furtherance of the conspiracy. *United States v. Diaz*, 670 F.3d 332, 348 (1st Cir. 2012). "How this works is that a judge conditionally admits the alleged coconspirator statements, 'subject to a later finding by the [judge], supported by extrinsic evidence (other than the statements themselves),' sufficient to show the conspiracy and the speaker's involvement in it." *United States v. George*, 761 F.3d 42, 54-55 (1st Cir. 2014) (quoting *United States v. Sepulveda-Hernandez*, 752 F.3d 22, 30 n.2 (1st Cir. 2014)). A district court's finding of admissibility under Rule 801(d)(2)(E) is known in this circuit as a *Petrozziello* ruling. *United States v. Ciresi*, 697 F.3d 19, 25 (1st Cir. 2012).

In determining the admissibility of co-conspirator statements, the Court may consider any relevant information, including the statements being offered for admission. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987); *United States v. Rivera-Santiago*, 872 F.2d 1073, 1092-93 (1st Cir. 1989). However, co-conspirator statements alone cannot establish the existence of a conspiracy embracing both the declarant and the defendant; some extrinsic proof of the conspiracy's existence is required. *United States v. Capleton*, 350 F.3d 231, 241 (1st Cir. 2003). Additionally, to be admissible, co-conspirator statements must have been made "during" and "in

furtherance of" a conspiracy. To be deemed "in furtherance," a statement "need not be necessary or even important to the conspiracy, or even made to a co-conspirator, as long as it can be said to advance the goals of the conspiracy in some way." *United States v. Martinez-Medina*, 279 F.3d 105, 117 (1st Cir. 2002). *See also United States v. Rodriguez*, 525 F.3d 85, 101 (1st Cir. 2008) ("A statement is in furtherance of the conspiracy if it tends to advance the objects of the conspiracy as opposed to thwarting its purpose").

All of Delarosa's recorded statements are admissible under Rule 801(d)(2)(E) because the record establishes by a preponderance of the evidence that: (1) the drug conspiracy existed; (2) Ruiz was a member of the conspiracy; (3) Delarosa (the speaker of the offered statements) was also a member of the conspiracy; and (4) the offered statements were made during and in furtherance of the conspiracy.

Of course, the Court should consider Delarosa's statements themselves, including his statement that spelled out Ruiz' role in the conspiracy: "that woman is my right hand in everything." Moreover, Ruiz herself admitted that she was a member of the conspiracy when she told the cooperator that she and Delarosa were akin to the cooperator and his drug boss. Additional extrinsic evidence also supports this conclusion. There is no dispute that Ruiz drove over 50 miles round trip to be present with Delarosa and the cooperator for the twenty-minute drug negotiations on July 13, 2017. After hearing all of the specific details of two kilogram heroin transaction, Ruiz again made this same lengthy trip on August 24, 2017 while transporting 1.75 kilograms of heroin inside family-size cereal boxes in the backseat of her car. Finally, the cooperator will testify that Ruiz pointed at the cereal boxes when he asked where the drugs were.

3.  CONCLUSION:

For all of the foregoing reasons, the government respectfully requests that the Court rule that statements made by the defendant's coconspirator are admissible as substantive evidence at trial pursuant to Federal Rule of Evidence 801(d)(2)(E).  To the extent the Court has any continued reservation about the admissibility of the statements offered, the government requests that the Court provisionally admit the statements at trial and make the *Petrozziello* ruling at the close of evidence.

                    Respectfully submitted,

                    ANDREW E. LELLING
                    United States Attorney

By:   /s/ *Lauren A. Graber*
       LAUREN A. GRABER
       BENJAMIN TOLKOFF
       Assistant United States Attorneys

Date:  July 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                    */s/ Lauren A. Graber*
                    LAUREN A. GRABER
                    Assistant United States Attorney

Date: July 19, 2019