```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

                                    DOCKET NO: 17-10281-PBS-2

_____
                                )
UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )
MINERVA RUIZ                    )
_____ )
```

### DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL FOLLOWING THE JURY VERDICT

#### INTRODUCTION

The Defendant, Minerva Ruiz ("Ruiz"), moves the Court, pursuant to Fed. R. Crim. P. 29(c), to enter a judgment of acquittal on both counts of the indictment notwithstanding the Jury's guilty verdicts dated July 24, 2019.

As reasons therefor, the evidence in this case, when viewed in the light most favorable to the prosecution, was insufficient as a matter of law to satisfy any rational fact finder of the essential elements of the crimes charged beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970); Jackson v. Virginia, 443 U.S. 307, 318-319 & 324 (1979).

#### ARGUMENT

The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution protect a defendant "…against conviction except upon proof beyond a reasonable doubt

1

of every fact necessary to constitute the crime with which he is charged." See In re Winship, 397 U.S. at 364.  In evaluating the sufficiency of the evidence, the Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.  Inferences are drawn in favor of the verdicts which must plausibly be based on the evidence.  United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993).  "[I]f, upon all the evidence, the question of the guilt of the defendant is left to conjecture or surmise and has no solid foundation in established fact, a verdict of guilty cannot stand."  Commonwealth v. Fancy, 207 N.E.2d 276, 349 Mass. 196, 200 (1965).

In this case, Ruiz was convicted of both counts of the indictment alleging conspiracy to possess with intent to distribute and to distribute one (1) kilogram or more of heroin in violation of 21 U.S.C. §§846 & 841(b)(1)(A)(1) and possession with intent to distribute and distribution of one (1) kilogram or more of heroin in violation of 21 U.S.C. §841(a)(1) & 841(b)(1)(A)(1).  However, the government failed to prove anything beyond Ruiz's mere presence.  Evidence of Ms. Ruiz's presence with or association with Dalnovis Delaros Arias was insufficient to establish her guilt on either count.  See United

States v. Turner, 319 F.3d 716, 761 (5th Cir. 2003); United States v. McLean, 409 F.3d 492, 501 (1st Cir. 2010).  The evidence failed to prove beyond a reasonable doubt that Ruiz knowingly and voluntarily participated with Arias in the charged crimes with the requisite intent.  See United States v. Verdugo, 617 F.3d 565 (1st Cir. 2010).

With respect to the count one conspiracy charge, the government was required to establish beyond a reasonable doubt that at least one (1) kilogram of heroin was reasonably foreseeable to Ms. Ruiz.  See United States v. Pizarro, 772 F.3d 284, 294-295 (1st Cir. 2014).  The government presented no evidence that Ruiz participated in a discussion or was present for a conversation in which weights or amounts were discussed. Therefore, there was no evidence upon which a jury could find beyond a reasonable doubt that one (1) kilogram or more of heroin was reasonably foreseeable to her. Consequently, a judgment of acquittal must enter on so much of count one that alleged "the conspiracy involved 1 kilogram or more of heroin and that amount was reasonably foreseeable to Ms. Ruiz."

**CONCLUSION**

For the forgoing reasons, the Defendant's Motion for a Judgment of Acquittal following the Jury Verdict must be allowed.

By her Attorney,

/s/ Joseph F. Krowski Jr., Esquire
JOSEPH F. KROWSKI JR., Esquire
30 Cottage Street
Brockton, MA 02301
(508) 584-2555
BBO#: 640902

Dated: August 7, 2019

**CERTIFICATE OF SERVICE**

I, Joseph F. Krowski, Jr., Esquire, certify that I have this 7th day of August, 2019, served a copy of The Defendant's Motion for a Judgment of Acquittal Following the Jury Verdict on the Assistant U.S. Attorney and all counsel of record by means of the Court's electronic filing and notification system (PACER/CM/ECF).

/s/ Joseph F. Krowski Jr., Esquire
JOSEPH F. KROWSKI JR., ESQUIRE