## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA        )
                               )        Criminal Action
         v.                     )        No. 17-10281-PBS
                               )
MINERVA RUIZ,                   )
                               )
                 Defendant.     )
_____)
```

## ORDER

September 9, 2019

Saris, C.J.

A jury convicted Defendant Minerva Ruiz of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a). Ruiz moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29.

Ruiz argues that the Government failed to prove that she knowingly and voluntarily participated in the charged crimes with her co-defendant, Dalnovis Delarosa Arias, as opposed to merely being present during his drug trafficking activities. See United States v. Peña-Santo, 809 F.3d 686, 697 (1st Cir. 2015) (explaining that "mere presence at the scene of criminal

1

activity is not enough to convict" (quotation omitted)).
However, multiple witnesses, including law enforcement officers
and the confidential informant ("CI"), testified that Ruiz was
present while the CI and Delarosa Arias set up the heroin deal
in her car on July 13, 2017. A month later, she drove with
Delarosa Arias to meet the CI and consummate the sale. The jury
could reasonably infer from the fact that Ruiz drove to meet the
CI a second time after being present for a conversation about
the heroin deal that she intended to assist Delarosa with the
sale. See United States v. Cruz-Rivera, 904 F.3d 63, 68 (1st
Cir. 2018) (explaining that a court must draw all plausible
inferences in the Government's favor in evaluating the
sufficiency of the evidence).

The Government also presented sufficient evidence for the
jury to conclude beyond a reasonable doubt that at least one
kilogram of heroin was reasonably foreseeable to Ruiz for the
conspiracy conviction. During the first meeting between the CI
and Delarosa Arias, which occurred in Ruiz's car with Ruiz
present, the two agreed to "break the ice" with two kilograms of
heroin. From this conversation, the jury could conclude that the
1.756 kilograms of heroin that were inside the cereal boxes the
officers seized when arresting Delarosa Arias and Ruiz was
reasonably foreseeable to her.

Accordingly, Ruiz's motion for a judgment of acquittal (Docket No. 205) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge