```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS



                                    )
    UNITED STATES OF AMERICA,        )
                                     )
            Plaintiff,               )
                                     )  Criminal Action
    v.                               )  No. 1:17-cr-10281-PBS
                                     )
    DALNOVIS DELAROSA ARIAS and      )
    MINERVA RUIZ,                    )
                                     )
            Defendants.              )
                                     )



             BEFORE THE HONORABLE M. PAGE KELLEY
                UNITED STATES MAGISTRATE JUDGE



           INITIAL APPEARANCE AND DETENTION HEARING



                        August 25, 2017



           John J. Moakley United States Courthouse
                      Courtroom No. 24
                     One Courthouse Way
                  Boston, Massachusetts 02210



                    Linda Walsh, RPR, CRR
                    Official Court Reporter
           John J. Moakley United States Courthouse
              One Courthouse Way, Room 5205
                 Boston, Massachusetts 02210
                    lwalshsteno@gmail.com
```

```
 1    APPEARANCES:

 2    On Behalf of the Government:

 3         UNITED STATES ATTORNEY'S OFFICE
           By: AUSA Miranda Hooker
 4         One Courthouse Way
           Boston, Massachusetts 02210
 5
      On Behalf of the Defendant Minerva Ruiz:
 6
           LAW OFFICE OF LENORE GLASER
 7         By: Lenore Glaser, Esq.
           45 Bromfield Street, Suite 500
 8         Boston, Massachusetts 02108
           617-753-9988
 9         lglaser@glaser-law.com

10    On Behalf of the Defendant Dalnovis Delarosa Arias:

11         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, Esq.
12         51 Sleeper Street, Fifth Floor
           Boston, Massachusetts 02210
13         617-223-8061
           miriam_conrad@fd.org
14

15

16

17              Proceedings recorded by sound recording and
                   produced by computer-aided stenography
18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          (Recording begins at 2:13:06)
 3          THE CLERK:  Today is Friday, August 25th, 2017, and we
 4  are on the record in Criminal Case Number 17 -- she needs to
 5  flip it around.  She needs to flip it.  Yep.
 6          THE INTERPRETER:  Could you flip that over.  I think
 7  it got turned off.  The button got pressed.  Sorry.  The button
 8  got turned off.  Okay.  Thank you.
 9          THE CLERK:  Today is Friday, August 25th, 2017, and we
10  are on the record in Criminal Case Number 17-6211, *United*
11  *States of America versus Dalnovis -- Dalnovis Delarosa Arias*
12  *and Minerva Ruiz*, the Honorable M. Page Kelley presiding.
13          THE INTERPRETER:  Sorry.
14          THE CLERK:  It's okay.
15          THE INTERPRETER:  Just sit closer.
16          THE CLERK:  Yes.
17          THE COURT:  Sure.
18          THE CLERK:  The Honorable M. Page Kelley presiding.
19          Would counsel please identify themselves for the
20  record.
21          MS. HOOKER:  Good afternoon, Your Honor.  Miranda
22  Hooker for the United States.
23          THE COURT:  Good afternoon.
24          MS. CONRAD:  Miriam Conrad for Mr. Delarosa, Your
25  Honor.  Good afternoon.
```

```
 1              THE COURT:  Good afternoon.
 2              Good afternoon, Mr. Delarosa.
 3              MS. GLASER:  Good afternoon, Your Honor.  Lenore
 4    Glaser for Minerva Ruiz.
 5              THE COURT:  Good afternoon.  Good afternoon, Ms. Ruiz.
 6              Okay.  So the first thing we need to do is swear in
 7    the interpreter.
 8              (Interpreter sworn.)
 9              THE INTERPRETER:  I do.
10              THE CLERK:  Can you please state your name for the
11    record.
12              THE INTERPRETER:  For the record, my name is Deborah
13    Huacuja.
14              THE COURT:  Thank you, Ms. Huacuja.
15              So, okay, this is your initial appearance on a
16    complaint charging you with a crime, and I'm going to ask you
17    both some questions, okay?
18              Ms. Ruiz, have you talked to your lawyer about the
19    complaint against you?
20              DEFENDANT RUIZ:  Yes.
21              THE COURT:  So, do you understand what it is that you
22    are charged with?
23              DEFENDANT RUIZ:  Yes.
24              THE COURT:  Okay.  And, Mr. Delarosa Arias, have you
25    talked to Ms. Conrad about the complaint that's been brought
```

```
 1  against you?
 2          DEFENDANT DELAROSA ARIAS:  Yes.
 3          THE COURT:  And so, do you understand what it is that
 4  you're charged with?
 5          DEFENDANT DELAROSA ARIAS:  Yes.
 6          THE COURT:  Okay.  So I would just like to say to the
 7  spectators in the courtroom, we're going to be doing this case
 8  for probably the next 30 minutes.  So if people want to step
 9  outside, you're welcome to do so, and we'll let you know when
10  the next case is on, okay?  It's up to you what you want to do,
11  but you're welcome to wait outside if you want, and then we'll
12  let you know when the next case is on.
13          Okay.  So Ms. Ruiz and Mr. Arias, you both have the
14  right to remain silent.  Anything you say can be used against
15  you.  If you decide to answer questions or make a statement,
16  you could stop talking at any time if you change your mind.
17  You also have the right to have an attorney present with you if
18  you decide to answer questions or make any statements.
19          So, Ms. Ruiz, do you understand your right to remain
20  silent?
21          DEFENDANT RUIZ:  Yes.
22          THE COURT:  Okay.  And, Mr. Arias, do you understand
23  your right to remain silent?
24          DEFENDANT DELAROSA ARIAS:  Yes.
25          THE COURT:  All right.  You also have a right to have
```

1  an attorney represent you.  If you want to, you can hire your
2  own lawyer, which means you would get your own money and pay
3  someone to be your lawyer.  If you want me to, I will look at
4  your financial affidavit to see if you qualify for
5  court-appointed counsel.
6          So, Ms. Ruiz, would you like me to look at your
7  affidavit?
8          DEFENDANT RUIZ:  Yes.
9          THE COURT:  Yes, okay.  And I'll just ask you,
10 Ms. Glaser, because I know you helped Ms. Ruiz fill this out.
11 Is the income per month from her spouse or from her own work?
12         MS. GLASER:  No, it's only from her own work.  She
13 gets -- although she's married, she's separated and gets no
14 income from the spouse.
15         THE COURT:  Okay.  Thank you.
16         MS. GLASER:  She gets child support.
17         THE COURT:  Okay.  No problem.  Okay, well, I've
18 corrected that on here.
19         MS. GLASER:  Okay.
20         THE COURT:  Okay.  So, Ms. Ruiz, you qualify for
21 court-appointed counsel, and I'm going to appoint Lenore Glaser
22 to represent you.
23         And, Mr. Arias, do you want me to look at your
24 financial affidavit to see if you qualify for court-appointed
25 counsel?

```
 1               DEFENDANT DELAROSA ARIAS:  Yes.
 2               THE COURT:  Okay.  So I've looked at your affidavit,
 3    and I find that you qualify for court-appointed counsel, and
 4    I'm going to appoint Miriam Conrad from the Federal Defender
 5    Office to represent you.
 6               So I'll ask the Government to state the maximum
 7    charges -- the charges and the maximum penalties.
 8               MS. HOOKER:  Thank you, Your Honor.
 9               The complaint charges both defendants with conspiracy
10    to possess with intent to distribute and distribution of
11    heroin.  The maximum penalties for that charge are up to 20
12    years imprisonment, a fine of up to $1 million, supervised
13    release for a minimum period of three years and a maximum
14    period of life, and $100 special assessment.
15               THE COURT:  And what's the Government's position on
16    detention?
17               MS. HOOKER:  The Government is seeking detention for
18    Mr. Delarosa Arias pursuant to 18 U.S.C. 3142(f)(1)(C) and 18
19    U.S.C. 3142(f)(2)(A).
20               THE COURT:  Okay.  And this is a presumption case?
21               MS. HOOKER:  Yes.
22               THE COURT:  Okay.  So, Ms. Conrad, what's your
23    position on detention?
24               MS. CONRAD:  Well, it's probable cause and detention,
25    correct, Your Honor?
```

1         THE COURT:  Yes.
2         MS. CONRAD:  So we could do it next week, perhaps
3    Wednesday, which I think would be the 30th.
4         THE COURT:  Okay.  I would have to do it early in the
5    morning or late in the afternoon on Wednesday the 30th.
6         MS. CONRAD:  Either of those is fine.
7         MS. HOOKER:  Same for the Government.
8         THE COURT:  Okay.  So how about 10:00 a.m.?
9         MS. CONRAD:  That's fine, Your Honor.  I guess the
10   only wrinkle would be if he needs to be interviewed by
11   Probation.  I don't think that would allow enough time.
12        THE COURT:  Well, why don't you see where he is taken,
13   and if you want him brought in another day, we'll try to
14   arrange that.
15        MS. CONRAD:  Okay.  Great.  Thank you.
16        THE COURT:  Okay.  So, Mr. Arias, the Government has
17   moved to detain you; that is, to hold you in jail until the
18   case is resolved, and they've asked for a continuance, which
19   they're entitled to do, and so I have put your detention
20   hearing on for Wednesday, August 30th at 10:00 a.m.  And I will
21   remand you to the custody of the U.S. Marshals until that date,
22   and we will also have a probable cause hearing on that date.
23        Okay.  Ms. Conrad, is there anything else I can do?
24        MS. CONRAD:  No.  Thank you, Your Honor.
25        THE COURT:  Okay.  So I think we can take Mr. Arias

1  out of the courtroom.  Thank you very much.  And I'll deal with
2  Ms. Ruiz.
3          (Defendant Delarosa Arias is not present in the
4          courtroom.)
5          THE COURT:  Okay.  And what's the Government's
6  position with respect to Ms. Ruiz?
7          MS. HOOKER:  The Government supports the
8  recommendations of Probation, which is that Ms. Ruiz be
9  released to the community on the conditions outlined in the
10 Pretrial Services report.
11         THE COURT:  Okay.  All right.  So I'm going to go
12 through the conditions.  And if the parties want to chime in at
13 the end and correct anything or modify anything, that's fine.
14         So, Ms. Ruiz, you're going to be released today, but
15 you are released on conditions; that is, you're not just free
16 to go.  You have some very strict conditions that you have to
17 follow.  If you do not follow the conditions, saying that you
18 did not understand them is not a good excuse.  So it's very
19 important if you have a question about what you are or are not
20 allowed to do, you need to talk to your lawyer or talk to your
21 pretrial services officer to clear up any questions that you
22 have.
23         While you are on release, you cannot violate any
24 Federal, state or local law.  That includes the possession or
25 use of marijuana because that is still a federal crime.

```
 1            You must cooperate in the collection of a DNA sample
 2   if authorized by law.
 3            You may not move your residence or change your
 4   telephone number without telling Probation and getting their
 5   permission to move your residence.
 6            You need to come to court when you are supposed to be
 7   in court, and if you are convicted and you are on release
 8   before your sentence begins, you'll have to surrender to serve
 9   your sentence.
10            You will submit to supervision by Pretrial Services,
11   and that means if they want you to call in or come to visit
12   them, you have to do that as they ask you to.
13            You must continue to be employed.
14            Is there a passport, Ms. Glaser?
15            MS. GLASER:  There is, Your Honor, and she will --
16   I'll make arrangements to bring it in to Probation.
17            THE COURT:  Okay.  You need to bring the
18   probation -- I mean, the passport in to Probation within 48
19   hours, and do not get another passport or travel document while
20   the case is pending.
21            Your travel is restricted to Massachusetts.  If you
22   have to leave Massachusetts for some reason, it's okay, but you
23   have to get permission before you go.  Don't even go to Rhode
24   Island or New Hampshire for the day, nothing like that, unless
25   your probation officer has given you permission.
```

1              You may not have any contact with your co-defendant or
2    any witness in the case, and if you have a question who are
3    those people, ask your attorney, and the prosecutor will talk
4    to your attorney about that -- except in the presence of
5    counsel.  Your lawyer can contact anyone in order to prepare
6    your case, but you may not be in touch with your co-defendant
7    even through another person, okay?  And we have people who are
8    making calls and taking calls and sending e-mails, and the
9    Government will find out about that and then you will be in
10   violation of these conditions.  So don't do it, okay?
11             You may not use or unlawfully possess any narcotic
12   drug or any other substance unless it's prescribed by a doctor.
13             If you have any contact with law enforcement, if you
14   get pulled over or a policeman comes to your door for some
15   reason, and even if it's totally harmless, you must report any
16   contact with law enforcement to Pretrial Services within 24
17   hours.
18             There's no guns in the residence, right?
19             MS. GLASER:  That's correct, Your Honor.
20             THE COURT:  Okay.  You can't have any guns or
21   dangerous weapons in your residence.
22             I'm going to have you sign a $15,000 unsecured bond,
23   which means if you violate -- if you fail to come to court when
24   you are supposed to, then you will owe the Government $15,000,
25   but you don't need to put any money up for that now.  But if

```
 1   you don't come to court, you will owe that money.
 2             Okay.  So if you violate the conditions of your
 3   release, I can issue a warrant for your arrest, and you can be
 4   arrested and brought to court and your release may be revoked
 5   and you can be held until the case is over.  Also, if you
 6   violate a condition of release, that is a crime, because the
 7   conditions are court orders and you will be in contempt of
 8   court.  So you must obey the conditions of release.
 9             If you fail to appear in court when you are supposed
10   to, that is a crime.  And if you get convicted of that, you
11   would get a sentence that would have to be on and after any
12   sentence you might get in this case.
13             If you commit another crime while you are on release,
14   that is a crime, and any sentence you get for that crime would
15   have to be on and after any sentence you get in this case.
16             You may not intimidate or attempt to intimidate any
17   witness, victim, informant or cooperating witness.  You may not
18   obstruct any criminal investigations by trying to prevent the
19   communication of information to a law enforcement officer
20   relating to this case.
21             You can't tamper with a victim, witness or informant
22   or retaliate against a witness, victim or informant.  These are
23   very serious felonies that are punishable by imprisonment.
24             Okay.  Do you understand everything that I've said
25   today about your release?
```

```
 1              DEFENDANT RUIZ:  Yes.
 2              THE COURT:  Okay.  So you are going to sign the
 3   conditions of your release, you will sign the appearance bond,
 4   and then you will be taken downstairs and released, and then
 5   you need to meet with Probation downstairs after your release,
 6   okay, before you leave the building.
 7              Okay.  Anything else from anyone?
 8              MS. HOOKER:  Nothing from the Government, Your Honor.
 9              MS. CONRAD:  No.
10              MS. GLASER:  No, Your Honor.
11              THE COURT:  Okay.
12          (Recording ends at 2:29:44)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3              I, Linda Walsh, Registered Professional Reporter

 4    and Certified Realtime Reporter, in and for the United States

 5    District Court for the District of Massachusetts, do hereby

 6    certify that the foregoing transcript is a true and correct

 7    transcript of the audio recorded proceedings held in

 8    the above-entitled matter to the best of my skill and ability.

 9                  Dated this 27th day of October, 2019.

10

11

12                       /s/ Linda Walsh_____

13                       Linda Walsh, RPR, CRR

14                       Official Court Reporter
```